*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

In re CONTEMPT OF PAVLOS-HACKNEY.

---

DEPARTMENT OF AGRICULTURE AND
RURAL DEVELOPMENT,

       Plaintiff-Appellee,

v

ZANTE, INC, d/b/a MARLENA'S BISTRO AND
PIZZERIA,

       Defendant-Appellant,

and

MARLENA PAVLOS-HACKNEY,

       Appellant.

FOR PUBLICATION
October 20, 2022

No. 357407
Ingham Circuit Court
LC No. 21-000113-CZ

---

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

SWARTZLE, P.J. (*concurring in part and dissenting in part*).

With respect, I cannot concur with the majority's blinkered resolution of this appeal. Specifically, while I agree with the majority's decision to remand the second $7,500 fine for further fact finding and deliberation by the trial court, I disagree with the majority's decision to narrow the considerations on remand with respect to the second fine, as well as with its outright refusal to remand any aspect of the first $7,500 fine.

As I read the record below, there is no question that everyone—the Michigan Department of Agriculture and Rural Development (MDARD), appellants, and, most importantly, the trial court—operated on the understanding that the contempt proceedings were civil in nature, not criminal. Most critically, the trial court, in its written order, explicitly applied the preponderance-of-the-evidence standard to the proceedings. (A substitute judge applied, out of an abundance of caution, the clear-and-convincing standard during one of the hearings, but this is still a lower standard than that applied in criminal-contempt proceedings, i.e., beyond a reasonable doubt. See

*In re Elliott*, 218 Mich App 196, 209; 554 NW2d 32 (1996).)  By applying the preponderance-of-the-evidence standard, the trial court made clear that it intended to impose civil-contempt fines, not criminal ones.

Although it intended to impose civil-contempt fines, the trial court erred by not fashioning the fines in accordance with civil-contempt principles.  Specifically, in a civil-contempt proceeding, a fine (as with jail time) is intended to compel compliance with a court order.  See *Hicks on Behalf of Feiock v Feiock*, 485 US 624, 631-632; 108 S Ct 1423; 99 L Ed 2d 721 (1988).  Importantly, to compel compliance, the civil fine must be avoidable in part or full if the person or entity held in contempt timely complies with the court's order.  *Id.* at 632.  In addition to a compliance component, a civil-contempt fine can also serve the purpose of reimbursing a complainant who incurred costs because of the contempt.  *Id.*; *In re Moroun*, 295 Mich App 312, 331; 814 NW2d 319 (2012).  And, as the trial court did here with non-lawyer "assistance of counsel" Richard Martin, a trial court can also take into account any hardship that can be shown, and modify or lessen the fine in light of that hardship.

Given this, I agree with the majority that the matter of the second fine should be returned to the trial court, but I would not limit the remand only to the second fine and would instead remand both fines.  The trial court should be permitted to consider, for example, whether MDARD is entitled to any reimbursement out of the first $7,500 fine.  As it stands under the majority's remand order, the trial court must retain the first $7,500 fine without considering MDARD's expenses in bringing the action.  The majority makes a "category mistake" when it concludes that, because the first contempt was "intended to be coercive," that contempt "was not compensatory in nature."  Maj op at __.  A civil contempt can be *both* coercive (i.e., intended to make a party comply) *and* compensatory (i.e., intended to reimburse the other party for expenses incurred in pursuing the matter).  Call this the coercion-compensation duality of civil contempt fines, if you will.

Moreover, compounding its already too-narrow remand order, the majority restricts the trial court on remand to considerations of reimbursement and compliance, but not hardship.  The trial court should be permitted to consider whether appellants face any undue hardship with respect to either or both fines, regardless of whether they could (as they did) obtain the funds at the time.  One can obtain funds necessary to pay a fine and still face a hardship in being ordered to pay the fine—the former is a matter of financial liquidity, while the latter is a matter of legal equity.  So, for example, whether one can obtain funds from a high-interest credit card or check-cashing store to pay a particular fine does not answer the question whether that fine would be a hardship.  Fashioning the appropriate civil-contempt remedy in this case would require fact finding and careful deliberation by the trial court based on the totality of the facts and circumstances, not a narrow, artificial subset of those facts and circumstances as ordered by the majority on remand.

Accordingly, for these reasons, I concur only in Part IV ("JURISDICTION") and Part VI ("ACCESS TO RECORDINGS AND ACCURACY OF TRANSCRIPT"), and I otherwise respectfully dissent from the rest of the majority's opinion and remand order.

/s/ Brock A. Swartzle